UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CHARLES CASTON | CIVIL ACTION |
| VERSUS | NO. 07-0051 |
| MURPHY ET AL. | SECTION "I" (2) |

### FINDINGS AND RECOMMENDATION

Plaintiff Charles Caston's pro se and in forma pauperis complaint filed by this court on January 12, 2007, alleges that defendants have violated his constitutional rights. Although plaintiff listed on his complaint the nations of North Korea, South Korea, Algeria and Zimbabwe as additional plaintiffs, these parties are not considered plaintiffs because they have not signed the complaint, submitted pauper applications or attempted to pay filing fees in this matter. In addition, plaintiff's submissions to the court provide no information concerning the identities or location of defendants and the Clerk therefore has been directed to withhold summons and service of the complaint pending further pleadings. Record Doc. Nos. 1, 3 and 5.

By order dated January 12, 2007, Record Doc. No. 4, the court required plaintiff to file with the court on or before February 2, 2007 (1) a written list of the full names and addresses of all persons whom plaintiff contends violated his constitutional rights under the facts alleged in this lawsuit; (2) a written statement of the facts expected to be offered at trial, either orally or as documents; (3) a complete and specific list of all documents to be offered at trial; and (4) a complete list of all witnesses to be called at trial, including

the name and address of each witness and a separate summary of the expected testimony of each witness.  A review of the record indicates that this order was mailed to plaintiff at the address listed on his complaint.  This order has not been returned to the court and no response from plaintiff has been received.

Because plaintiff did not respond to the court's January 12, 2007 order, by order issued April 13, 2007, Record Doc. No. 6, plaintiff was ordered to show cause why his suit should not be dismissed based on his failure to comply with the court's previous order of January 12, 2007.  Alternatively, plaintiff was again ordered to file his written statement of facts, witnesses and exhibits no later than April 30, 2007.  Plaintiff was advised that this would be his final notice of the court's requirement and that failure to comply with this order would result in a recommendation that his case be dismissed for failure to prosecute.  This order has not been returned to the court, and no response from plaintiff has been received.

No mail addressed to plaintiff has been returned to the Clerk's Office. However, all litigants are obligated to keep the court advised of any address change.  Local Rules 11.1E and 41.3.1E.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may in its discretion dismiss any action based on the failure of the plaintiff to prosecute or comply with any order of the court.  <u>Hulsey v. State of Texas</u>, 929 F.2d 168, 171 (5th Cir. 1991); <u>McCullough v. Lynaugh</u>, 835 F.2d 1126, 1127 (5th Cir. 1988); <u>Brinkmann v.</u>

Dallas County Deputy Sheriff Abner, 813 F.2d 744, 749 (5th Cir. 1987).  In applying the sanction of dismissal, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, is responsible for the delay or failure to comply with the court's order.  Markwell v. County of Bexar, 878 F.2d 899, 902 (5th Cir. 1989); Price v. McGlathery, 792 F.2d 472, 474-75 (5th Cir. 1986).  Since the plaintiff in this case is in proper person, it is apparent that this court must weigh his actions alone in considering dismissal of this action under Rule 41(b).  A pro se litigant is not exempt from compliance with relevant rules of procedural and substantive law. Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981); Edwards v. Harris County Sheriff's Office, 864 F. Supp. 633, 637 (S.D. Tex. 1994).  A pro se litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of more than mere ignorance.  Kersh v. Derozier, 851 F.2d 1509, 1512 (5th Cir. 1988); Birl, 660 F.2d at 593.

The court has attempted through its orders to have plaintiff provide it with the information necessary to prosecute plaintiff's case.  Plaintiff's failure to comply with the court's January 12, 2007 and April 13, 2007 orders clearly reflects a failure on the part of plaintiff to prosecute.

In an effort to afford plaintiff one final opportunity to respond, I have issued these findings and recommendation to the presiding United States District Judge.  Plaintiff is advised that he may object to the Magistrate Judge's proposed Findings and

Recommendation within ten (10) days from the date of service of this report.  The plaintiff is advised that any objection should be in writing and filed with the Clerk of the United States District Court, Eastern District of Louisiana, 500 Poydras Street, New Orleans, Louisiana 70130, on a written document containing the caption of this lawsuit.  It is suggested to the plaintiff that his objection should contain a short summary of the reasons that plaintiff failed to comply with the court's previous orders.  It is further suggested that the plaintiff should also provide the court with the information requested in the court's previous orders as detailed above.

Plaintiff is advised that failure to file written objections to the Magistrate Judge's Findings and Recommendation may and probably will result in dismissal of plaintiff's suit.  A party's failure to file written objections to the proposed findings, conclusions and recommendations in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

## **RECOMMENDATION**

It is recommended that, if plaintiff does not file written objections to these Findings and Recommendation, the claims of Charles Caston be dismissed with prejudice for failure to prosecute.

New Orleans, Louisiana, this __2nd__ day of May, 2007.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE